IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2008 SEP 30 P 4: 37
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

JAVELINA FILM COMPANY and )
TOMMY LEE JONES )
)
    Plaintiffs, )
v. )  Case No.
)
PARAMOUNT PICTURES )
CORPORATION and )  SA08CA0808 XR
N.M. CLASSICS, INC. )
)
    Defendants. )

## NOTICE OF REMOVAL

Defendants Paramount Pictures Corporation ("Paramount") and N.M. Classics, Inc. ("Classics") (collectively, "Defendants") respectfully notify the Court that, pursuant to 28 U.S.C. § 1441, they have this day removed this action to this Court from the 288th Judicial District of the District Court of Bexar County, Texas. In support of their removal, Defendants submit this notice. Removal is proper, because diversity jurisdiction exists in this action: there is complete diversity between Defendants and Plaintiffs Javelina Film Company ("Javelina") and Tommy Lee Jones ("Jones") (collectively, "Plaintiffs"), and the amount in controversy exceeds $75,000.

## BACKGROUND

1.    Plaintiffs' Complaint alleges contract and fraud claims against Defendants, all of which stem from an agreement entered into as of April 3, 2006, by and between Javelina, on the one hand, and Classics, on the other, for Jones's acting services on the motion picture *No Country For Old Men* (the "Picture"). *See, e.g.*, Ex. B-1 (Cmpl. ¶ 8).

2. Plaintiffs originally filed this action on March 26, 2008 as an arbitration proceeding, before an arbitration tribunal in Los Angeles, California.[1]

3. Plaintiff dismissed this arbitration shortly before trial, and on September 4, 2008 filed a state court action, Cause No. 2008CI15114, in the 288th Judicial District of the District Court of Bexar County, Texas. A certified copy of the Docket Sheet from the state court is attached as Exhibit A. Additionally, true and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-2.

4. Defendant Classics was served with a copy of the Complaint on September 15, 2008. Defendant Paramount was served on September 10, 2008. This removal is timely because it was filed within 30 days of service, as required by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

5. There is diversity of citizenship among all the parties. Plaintiff Jones was, at the time the state court action was filed, and currently is a resident and citizen of Texas. *See* Ex. B-1 (Cmpl. ¶ 2). Plaintiff Javelina similarly was and currently is a corporation incorporated in Texas, with its principal place of business in Texas. *See id.* ¶ 1. For purposes of removal, a corporation is a citizen both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

6. Defendant Paramount was, at the time the state court action was filed, and currently is a corporation incorporated in Delaware, with its principal place of business in California. *See* Ex. B-1 (Cmpl. ¶ 3). Defendant Classics was and currently is a corporation incorporated in Delaware, *id.* ¶ 4, with its principal place of business in New Mexico.

---

[1] A copy of Plaintiffs' arbitration demand and the scheduling order in that case are attached as Exhibits C-1 and C-2, respectively. Following the removal of this action, Defendants intend to move the Court for an order compelling arbitration pursuant to a mandatory arbitration provision in the parties' agreement.

7. Because Plaintiffs are citizens of Texas and Defendants are citizens of Delaware and California, there is complete diversity. *See* 28 U.S.C. § 1332(a)(1).

8. Plaintiffs' Complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiffs' claim that, as a result of Defendants' alleged breach of contract and/or fraud, they are entitled to recover over "$10 million, plus costs, interest, and attorneys' fees." Ex. B-1 (Cmpl. ¶¶ 14, 18).

9. Although Defendants deny that Plaintiffs are entitled to any award, Plaintiffs' Complaint places an amount in controversy that exceeds $75,000. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith.").

## VENUE

10. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of Bexar County, Texas, the forum in which the removed action was pending.[2]

## NOTICE

11. Concurrently with the filing of this Notice, Defendants will file a copy of this Notice of Removal in Cause No. 2008CI15114 in the 288th Judicial District of the District Court of Bexar County, Texas.

---

[2] In the event Defendants are not successful in moving to compel arbitration and, thus, it becomes necessary to litigate the merits of Plaintiffs' claims in this Court, Defendants hereby reserve their right to, at that time, move to transfer this action to a different venue, pursuant to 28 U.S.C. § 1404(a), which permits a transfer of venue for the convenience of parties and witnesses, and in the interest of justice. A significant majority of the parties and witnesses reside in California. Furthermore, Los Angeles, California is the venue in which Plaintiffs originally filed their arbitration demand.

12. The contents of Exhibit B constitute the entire file of Cause No. 2008-CI-15114 in the 288th Judicial District of the District Court of Bexar County, Texas.

Dated: September 30, 2008

Respectfully submitted,

Lamont A. Jefferson
State Bar No. 10607800
Lawrence Morales II
State Bar No. 24051077

HAYNES AND BOONE, LLP
112 East Pecan Street, Suite 1600
San Antonio, Texas 78205
Telephone: (210) 978-7000
Telecopier: (210) 978-7450

Matthew Kline
California State Bar No. 211640
O'MELVENY & MYERS, LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 246-6840
Telecopier: (310) 246-6779

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal was served upon counsel for the Plaintiffs on this 30th day of September, 2008:

Ricardo G. Cedillo
Derick J. Rodgers
Davis Cedillo & Mendoza, Inc
755 E. Mulberry Avenue, Ste. 500
San Antonio, Texas
Telephone: (210) 822-6666
Telecopier: (210) 822-1151

Martin D. Singer
Brigit K. Connelly
Lavely & Singer, P.C.
2049 Century Park East, Ste. 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Telecopier: (310) 556-3615

_____
Lamont Jefferson